María Rosario Bermúdez et al., demandantes, *v.* Hospital General Menonita, Inc. et al., peticionarios, y Dr. Héctor Santos Rivera et al., demandados de coparte, recurridos y terceros demandados.

*Número:* CC-2000-368      *Resuelto:* 28 de agosto de 2001

*José R. Martínez Ramos*, abogado de la parte peticionaria; *Rita M. Vélez González*, abogada del Dr. Carlos Vergara, codemandado; *Gilda del C. Cruz Martino*, abogada del Dr. José L. Ortiz Cruz, codemandado; *Anselmo Irizarry Irizarry*, abogado del tercero demandado.

EL JUEZ ASOCIADO SEÑOR CORRADA DEL RÍO emitió la Opinión del Tribunal.

En el caso ante nos, el Hospital General Menonita, Inc. (en adelante el Hospital) acude ante nos para impugnar una sentencia del Tribunal de Circuito de Apelaciones (en adelante el TCA) que confirmó la dictada por el Tribunal de Primera Instancia (en adelante el TPI), en la que se desestimó una demanda contra coparte contra el Dr. Héctor Santos Rivera (en adelante el doctor Santos) y el Dr. José L. Ortiz Cruz (en adelante el doctor Ortiz). Por carecer de jurisdicción, no entramos a evaluar la juridicidad y corrección de los argumentos esgrimidos por el Hospital.

# I

Tras serle practicada una intervención quirúrgica debido al fuerte dolor abdominal que sufría, el Sr. Aramis Cruz Castro (en adelante el señor Cruz) desarrolló el síndrome de disfunción múltiple de órganos, muriendo el 30 de mayo de 1994 a causa de un fallo respiratorio y peritonitis secundaria a una perforación intestinal. A raíz de ello, el 16 de febrero de 1995, los demandantes[1] incoaron una acción en daños y perjuicios contra el Hospital y el Dr. Carlos Vergara (en adelante el doctor Vergara), la sociedad legal de bienes gananciales compuesta por éste y su esposa, y sus respectivas aseguradoras. Adujeron, en síntesis, que el señor Cruz falleció debido a la negligencia en el tratamiento médico provisto por los demandados.

Así las cosas, el 6 de junio de 1995, el doctor Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa contestaron la demanda, mientras que el Hospital hizo lo propio el 25 de octubre de 1995.

El 5 de febrero de 1996 el doctor Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa instaron demanda contra terceros contra el doctor Ortiz y el doctor Santos, sus respectivas esposas, las sociedades legales de bienes gananciales compuestas por los primeros y las segundas, y Seguros Triple S, aseguradora de ambos.[2] Posteriormente, el 20 de febrero de 1996, enmendaron la demanda contra terceros a los fines de incluir a la

---

[1] Éstos son María Rosario Bermúdez, su viuda; Aramis Omar, María Margarita y Mayra Michelle (todos de apellidos Cruz Rosario), sus hijos; Eva Castro González, su madre, y Ezequiel, Carmen, Miguel, Gamaliel, Elizabeth y Luz Mercado (todos de apellidos Cruz Castro), sus hermanos.

[2] El 29 de febrero de 1996 el doctor Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa presentaron su Moción Solicitando Desistimiento Voluntario con Perjuicio para informar que, tras emplazar a Seguros Triple S, se enteraron que ésta no tenía póliza de seguros a favor del doctor Ortiz. Así pues, el 11 de marzo de 1996, el Tribunal de Primera Instancia (en adelante el TPI) dictó una sentencia parcial en la cual desestimó la demanda contra tercero contra Seguros Triple S.

Dra. Eurgilia O. Ovalles (en adelante la doctora Ovalles), la sociedad legal de bienes gananciales compuesta por ésta y su esposo, y su compañía aseguradora.

Luego de casi tres (3) meses, el 19 de abril de 1996, los terceros codemandados doctor Santos —por sí y representando a la sociedad legal de bienes gananciales— y Seguros Triple S —por la póliza suscrita a favor del primero— contestaron la demanda contra tercero y, a su vez, reconvinieron contra el doctor Vergara y su esposa. El 23 de abril de 1996 el doctor Ortiz, su esposa y la sociedad legal de bienes gananciales por ellos compuesta contestaron la demanda contra tercero incoada en su contra. Así también, el 2 de mayo de 1996, la doctora Ovalles —por sí y en representación de la sociedad legal de bienes gananciales— contestó la demanda contra tercero y, al mismo tiempo, reconvino contra el doctor Vergara, la sociedad legal de bienes gananciales compuesta por él y su esposa, y su compañía de seguros.

El 10 de mayo de 1996 el doctor Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa replicaron tanto a la reconvención del doctor Santos como a la de la doctora Ovalles. Por otra parte, el 13 de mayo de 1996, Seguros Triple S, como aseguradora de la doctora Ovalles, contestó la demanda contra terceros y, además, reconvino.

Tiempo después, la doctora Ovalles —por sí y representando la sociedad legal de bienes gananciales— y Seguros Triple S sometieron Moción Solicitando Sentencia Sumaria. Así, pues, transcurrido un período sin que el doctor Vergara se opusiera, el 8 de octubre de 1996 el TPI dictó sentencia sumaria parcial en la que declaró con lugar dicha moción y desestimó la demanda contra terceros. Posteriormente, el 8 de noviembre de 1996, el TPI, a solicitud de los promoventes, emitió sentencia sumaria parcial en-

mendada con el propósito de cumplir con los requisitos de la Regla 43.5 de Procedimiento Civil, 32 L.P.R.A. Ap. III.(3)

El 22 de noviembre de 1996 el doctor Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa presentaron una Moción de Desistimiento con Perjuicio para solicitar la desestimación de la demanda por ellos incoada contra el doctor Ortiz, su esposa y la sociedad legal de bienes gananciales compuesta por ambos.

El 3 de diciembre de 1996 el Hospital instó demanda contra coparte contra el doctor Vergara, el doctor Santos, el doctor Ortiz, y las respectivas sociedades legales de bienes gananciales. En vista de ello, el 12 de diciembre de 1996, el doctor Ortiz, su esposa y la sociedad legal de bienes gananciales contestaron la demanda contra coparte. De igual forma, el 16 de diciembre de 1996, el doctor Carlos Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa hicieron lo propio. Ese mismo día, la esposa del doctor Santos —por sí y en representación de la sociedad legal de bienes gananciales— contestó la demanda y, a su vez, reconvino.(4) Posteriormente, el 21 de enero de 1997, el Hospital replicó la reconvención interpuesta.

Luego de varios trámites procesales y la celebración del juicio en su fondo, el TPI dictó sentencia el 16 de diciembre

---

(3) Dicho documento lee como sigue:

"*SENTENCIA SUMARIA PARCIAL ENMENDADA*

"Vista la moción de sentencia sumaria presentada por los terceros demandados el día 23 de agosto de 1996, se declara ha lugar.

"El tercero demandante Dr. Carlos Vergara no replicó a la misma a pesar de que se le notificó el 20 de agosto de 1996, según certifica la parte promovente.

"El no radicar [sic] una parte contestación a una solicitud de sentencia sumaria, de por si [sic] es suficiente para dictar sentencia contra dicha parte" 100 D.P.R. 259.

"Considerando el silencio del tercero demandante como conformidad a que se conceda lo solicitado, y no existiendo razón alguna para posponerla hasta la resolución total de este pleito, según lo dispone la Regla 43.5 de las de Procedimiento Civil vigentes, se dicta sentencia a favor de la parte promovente y en su consecuencia se desestima la demanda contra terceros.

"Regístrese y Notifíquese."

(4) Resulta interesante señalar que en dicha reconvención la esposa del doctor Santos incluyó también al doctor Vergara.

de 1997, archivada en autos una copia de su notificación el 18 de diciembre de 1997. En lo pertinente, declaró con lugar la demanda incoada por los demandantes contra el doctor Vergara y el Hospital;(⁵) desestimó —bajo la Regla 39.2(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III—(⁶) la demanda contra coparte presentada por el Hospital contra el doctor Ortiz y su compañía de seguros. Desestimó, además, las demandadas contra el doctor Santos y su aseguradora entablada por el doctor Vergara (demanda contra tercero) y por el Hospital (demanda contra coparte).

Así las cosas, el 29 de diciembre de 1997 el Hospital presentó una Moción Solicitando Determinaciones Adicionales de Hechos,(⁷) la cual el TPI denegó, mediante Resolución de 8 de enero, notificada el 9 de enero y puesta en el correo el 13 de enero de 1998. El 20 de enero de 1998 el doctor Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa presentaron una Moción de Reconsideración, posteriormente denegada por el TPI.

Inconforme, el 6 de febrero de 1998, el Hospital acudió,

---

(⁵) El TPI otorgó las cantidades siguientes:

(1) $150,000.00 por los daños físicos y las angustias mentales sufridos por el Sr. Cruz, suma que heredan sus hijos y su viuda, esta última en su cuota viudal;

(2) $150,000.00 a su viuda;

(3) $125,000.00 a cada uno de sus hijos;

(4) $50,000.00 a su madre;

(5) $15,000.00 a cada uno de sus hermanos;

(6) $203,560.00 por el lucro cesante;

(7) $1,500.00 por los gastos del sepelio;

(8) $10,000.00 de honorarios de abogados a favor de los demandantes;

(9) $10,000.00 de honorarios de abogados a favor de los doctores Ortiz y Santos y sus respectivas aseguradoras;

(10) costas y gastos.

(⁶) Dicha regla, en lo pertinente, dispone que:

"Después que el demandante haya terminado la presentención [sic] de su prueba, el demandado, sin renunciar al derecho de ofrecer prueba en el caso de que la moción sea declarada sin lugar, podrá solicitar la desestimación, fundándose en que bajo los hechos hasta ese momento probados y la ley, el demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra el demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada." Regla 39.2(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III.

(⁷) El 28 de diciembre de 1997 era domingo.

vía apelación, ante el TCA para solicitar la revocación de la referida sentencia. Por otra parte, el 9 de febrero de 1998 el doctor Vergara hizo lo propio.

En el ínterin, luego de varios trámites procesales relacionados con el perfeccionamiento de su recurso, el Hospital y los demandantes transigieron las reclamaciones por la suma de ochocientos cincuenta mil dólares ($850,000). Sobre el particular, cabe señalar que el 12 de enero de 1999 el TPI emitió una resolución en la que le impartió su aprobación a la transacción, lo cual era necesario puesto había una menor involucrada.[8]

El TCA, mediante sentencia de 16 de febrero y archivada en autos el 24 de febrero de 2000, confirmó la sentencia recurrida en su totalidad. Oportunamente, el Hospital solicitó reconsideración, la cual el foro apelativo intermedio denegó mediante Resolución de 14 de marzo de 2000, notificada el 24 de marzo de 2000.

De dicha sentencia, el 24 de abril de 2000,[9] el Hospital recurre ante nos, vía *certiorari*, imputándole al TCA la comisión de los errores siguientes:

A. Incidió el Tribunal de Apelaciones al confirmar la decisión de instancia que desestimó las reclamaciones del Hospital en contra del Dr. Santos y el Dr. Ortiz.
B. Incidió lel Tribunal de Apelaciones al confirmar la desición [sic] de instancia imponiendole [sic] honorarios de abogado al Hospital a través de Dr. Santos y del Dr. Ortiz. Petición de *certiorari*, pág. 7.

Mediante Resolución de 29 de septiembre de 2000 expedimos el recurso. No obstante, debemos atender en primer lugar la *Solicitud de Desestimación* que presentó el doctor Ortiz, en la que cuestiona la jurisdicción de este Tribunal.

---

[8] A la menor M. M. C. R. le corresponde la cantidad de ciento setenta y cinco mil dólares ($175,000), de la cual el 25% le fue asignado a su abogado en concepto de honorarios de abogado, según aprobado por el TPI.

[9] Debido a que el 23 de abril de 2000 era domingo, el término para presentar el recurso apropiado se extendió hasta el lunes 24 de abril de 2000.

## II

El doctor Ortiz, en síntesis, sostiene que procede la des-
estimación del recurso ya que, como el Hospital, peticiona-
rio ante nos, no notificó su escrito de *certiorari* a los de-
mandantes, carecemos de jurisdicción. Funda su
contención en que, pese a la transacción habida entre el
peticionario y los demandantes, éstos continuaban siendo
partes ya que ninguno de los tribunales inferiores dictó
sentencia o resolución alguna para disponer que quedarían
fuera del pleito. Le asiste la razón. Veamos.

■ La Regla 43.5 de Procedimiento Civil, *supra*, dis-
pone que

> [c]uando un pleito comprenda más de una reclamación, ya
> sea mediante demanda, reconvención, demanda contra co-
> parte o demanda contra terceros o figuren en él partes
> múltiples[,] el tribunal podrá dictar sentencia fmal [sic] en
> cuanto a una o más de las reclamaciones o partes sin disponer
> de la totalidad del pleito, siempre que concluya expresamente
> que no existe razón para posponer dictar sentencia sobre tales
> reclamaciones *o partes* hasta la resolución total del pleito, y
> siempre que ordene expresamente que se registre sentencia.
>
> Cuando se haga la referida conclusión y orden expresa, la
> sentencia parcial dictada será final para todos los fines en
> cuanto a la controversia en ella adjudicada, y una vez regis-
> trada y se archive en autos copia de su notificación, comenza-
> rán a correr en lo que [a] ella respecta los términos dispuestos
> en las Reglas 47, 48 y 53.
>
> *En ausencia de la referida conclusión y orden expresa, cual-
> quier orden o cualquier otra forma de decisión, ni [sic] importa
> cómo se denomine, que adjudique menos del total de las recla-
> maciones o los derechos y obligaciones de menos del total de las
> partes, no terminará el pleito con respecto a ninguna de las
> reclamaciones o partes y la orden u otra forma de decisión
> estará sujeta a reconsideración por el tribunal que la dicte en
> cualquier momento antes de registrarse sentencia adjudicando
> todas las reclamaciones y los derechos y obligaciones de las
> partes.* (Énfasis suplido.)([10])

---

([10]) Resulta necesario puntualizar que la cita textual de la referida regla incluye
una enmienda con posterioridad a los hechos del caso de autos. Ello porque el Legis-

Conforme a lo anterior, un tribunal posee —dentro de un pleito que incluye múltiples reclamaciones o varias partes— la facultad para emitir una sentencia final sin disponer de —o adjudicar— la totalidad del caso. Para ello, es menester que el tribunal expresamente: (1) concluya que no existe razón para postergar que se dicte sentencia sobre la reclamación o la parte, y (2) ordene el registro de la sentencia. *Medio Mundo, Inc. v. Rivera*, 154 D.P.R. 315 (2001); *Ramos y otros v. Colón y otros*, 153 D.P.R. 534 (2001); *U.S. Fire Ins. v. A.E.E.*, 151 D.P.R. 962 (2000).

■ Así pues, tratándose de una sentencia final —aunque parcial— tan pronto es archivada en autos copia de su notificación, comienzan su decurso los términos preceptuados en las Reglas de Procedimiento Civil para la presentación de mociones y recursos post sentencia. *Medio Mundo, Inc. v. Rivera*, supra, pág. 327; *U.S. Fire Ins. v. A.E.E.*, supra. Véanse: *Ramos y otros v. Colón y otros*, supra; *Juliá et al. v. Epifanio Vidal, S.E.*, 153 D.P.R. 357 (2001).

■ Por el contrario, del tribunal no cumplir ambos requisitos —concluir explícitamente que no hay razón por la cual posponer dictar sentencia sobre la reclamación o la parte y ordenar expresamente el archivo de la sentencia— el dictamen emitido constituye una resolución interlocutoria. *Ramos y otros v. Colón y otros*, supra; *U.S. Fire Ins. v. A.E.E.*, supra, pág. 93; *Asociación de Propietarios v. Santa Bárbara Co.*, supra, pág. 42. Siendo una resolución interlocutoria —en conformidad con el Art. 4.002(f) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22k(f); la Regla 53.1(e)(1) de Procedimiento Civil, 32 L.P.R.A. Ap. III, y la Regla 32(D) del Reglamento del TCA, 4 L.P.R.A. Ap.

lador aprobó la Ley Núm. 338 de 10 de diciembre de 1999 enmendando tal regla con el solo propósito de incorporar nuestros pronunciamientos en *Asociación de Propietarios v. Santa Bárbara Co.*, 112 D.P.R. 33 (1982). Véase la Exposición de Motivos de la Ley Núm. 338 de 10 de diciembre de 1999, Leyes de Puerto Rico, pág. 1503.

XXII–A— ella es revisable por el TCA, mediante un recurso de *certiorari* presentado dentro del término de cumplimiento estricto de treinta (30) días. Véase *U.S. Fire Ins. v. A.E.E.*, supra. Puesto que no se trata de una sentencia final, la presentación de una moción de determinaciones de hechos adicionales, Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, no tiene efecto interruptor alguno en el plazo para acudir en alzada. *U.S. Fire Ins. v. A.E.E.*, supra; *De Jesús v. Corp. Azucarera de P.R.*, 145 D.P.R. 899 (1998).

■ Sobre el particular, cabe señalar que tanto el término para acudir en alzada de una resolución interlocutoria como de una sentencia final no comienza a transcurrir si el tribunal deja de notificar dicho dictamen a alguna de las partes. *Medio Mundo, Inc. v. Rivera*, supra; *Rodríguez Mora v. García Lloréns*, 147 D.P.R. 305 (1998).

■ Valga aclarar "que una parte en un pleito 'cesa' como tal y 'sale' del mismo" cuando el tribunal dicta una sentencia final y ésta adviene firme; mientras ello no ocurra dicha parte continuará en el pleito principal. *Cárdenas Maxán v. Rodríguez*, 119 D.P.R. 642, 653 (1987). Esto implica que si el tribunal no observa los requisitos esbozados por la Regla 43.5 de Procedimiento Civil, *supra*, al emitir un dictamen que disponga sobre una parte en un procedimiento que encierra múltiples partes, dicha parte seguirá siendo parte de pleito.

### III

En el caso de autos, el 8 de noviembre de 1996, el TPI dictó sentencia sumaria parcial disponiendo de la demanda contra terceros presentada por el doctor Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa contra la doctora Ovalles, la sociedad legal de bienes gananciales compuesta por ésta y su esposo, y su compañía de seguros. Puesto que dicho dictamen cumplió con los requisitos de la Regla 43.5 de Procedimiento Civil,

*supra*, tal reclamación quedó desestimada. No obstante, advertimos que la reconvención entablada por los últimos contra los primeros continuó vigente. Véase *O. Parés, Inc. v. Galán*, 98 D.P.R. 772 (1970). En vista de ello, la doctora Ovalles, la sociedad legal de bienes gananciales compuesta por ella y su esposo, y su aseguradora continuaban siendo partes en el pleito.

Así las cosas, el 16 de diciembre de 1997, el TPI emitió un dictamen en el que dispone de múltiples reclamaciones habidas en el pleito. Aparentemente, dicho foro entendió que dictó una sentencia final adjudicando todas las reclamaciones pendientes y todos los derechos y las obligaciones de las partes. Erró. Veamos.

En su dictamen, el TPI declaró con lugar la demanda principal y desestimó otras, a saber: (1) la demanda contra coparte presentada por el Hospital contra el doctor Ortiz y su aseguradora; (2) la demanda contra coparte incoada por el Hospital contra el doctor Santos y su aseguradora, y (3) la demanda contra tercero entablada por el doctor Vergara contra el Santos y su aseguradora. Sin embargo, el TPI no se percató que continuaban vigentes la demanda contra coparte instada por el Hospital contra el doctor Vergara y la sociedad legal de bienes gananciales compuesta por él y su esposa; la reconvención iniciada por el doctor Santos —por sí y en representación de la sociedad legal de bienes gananciales compuesta por él y su esposa— y Seguros Triple S contra el Vergara y su esposa; la reconvención presentada por la esposa del doctor Santos —por sí y en representación de la sociedad legal de bienes gananciales— contra el Hospital; la reconvención incoada por la doctora Ovalles, la sociedad legal de bienes gananciales compuesta por ella y su esposo, y su aseguradora contra el doctor Vergara, la sociedad legal de bienes gananciales compuesta por él y su esposa, y su compañía de seguros. De otro lado, el TPI no advirtió que en algunas de las reclamaciones desestimadas había más de una parte, a manera de ejem-

plo, la sociedad legal de bienes gananciales. En vista de ello, el dictamen emitido por el TPI constituía una resolución interlocutoria revisable por el TCA, mediante la interposición de un recurso de *certiorari* dentro del plazo dispuesto.

Así, pues, la doctora Ovalles, la sociedad legal de gananciales compuesta por ésta y su esposo continuaban siendo partes en el pleito. No obstante, el TPI entendió, aparentemente, que éstos no eran partes y no les notificó la referida resolución, teniendo como efecto que los recursos presentados ante el TCA fueran prematuros.([11]) Ello, a nuestro juicio, creó confusión entre los abogados, puesto que ni el doctor Vergara ni el Hospital notificaron sus respectivos escritos a dichas partes, en abierta contravención a la Regla 33(B) del Reglamento del TCA, 4 L.P.R.A. Ap. XXII–A.([12]) El TCA debió desestimar los recursos por falta de jurisdicción. Erró al no hacerlo así.

■ Luego de que el TCA entrara en los méritos del recurso y emitiera un dictamen, el Hospital, oportunamente, recurrió ante nos. Sin embargo, el Hospital arrastró el mismo error —la falta de notificación a la doctora Ovalles y las partes relacionadas— y, además, no le notificó a los demandantes. Éstos, pese a transigir el pleito, continuaban siendo partes, ya que el TPI no había dictado una sentencia final. Sobre el particular, la Regla 20(d) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI–A, requiere que el peticionario notifique su recurso de *certiorari* "a todas las

---

([11]) "[E]n el ámbito procesal, una apelación o recurso prematuro es aquel presentado en la Secretaría de un Tribunal apelativo antes de que éste tenga jurisdicción." *Pueblo v. Santana Rodríguez*, 148 D.P.R. 400, 402 (1999).

([12]) Dicha regla, en lo pertinente, dispone que el peticionario "notificará la solicitud de *certiorari*, debidamente sellada con la fecha y la hora de presentación, a los(as) abogados(as) de récord, o en su defecto, a las partes, así como al Procurador General y al Fiscal de Distrito en los casos criminales, dentro del término jurisdiccional o de cumplimiento estricto ...". 4 L.P.R.A. Ap. XXII–A. Hacemos referencia a la regla correspondiente al recurso de *certiorari* porque éste era el apropiado, tratándose de una resolución interlocutoria.

demás partes en la forma prescrita en la Regla 39 de este apéndice". Dicha regla, en lo pertinente, establece que tal notificación tiene que hacerse dentro del plazo jurisdiccional o de cumplimiento estricto, según el caso. En vista de que el Hospital no notificó su recurso a dichas partes, carecemos de jurisdicción para entrar en los méritos del caso.

Por los fundamentos antes expuestos, *se dicta sentencia para revocar la emitida por el Tribunal de Circuito de Apelaciones el 16 de febrero de 2000, por carecer dicho foro de jurisdicción y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Guayama, para que conforme a lo aquí dispuesto adjudique mediante sentencia todas las reclamaciones, los derechos y las obligaciones de todas las partes en el pleito.*

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Fuster Berlingeri no intervinieron. La Juez Asociada Señora Naveira de Rodón se inhibió.