Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| ROBERT M. LAVIE<br><br>**RECURRIDO**<br><br>v.<br><br>GEORGE SABER<br><br>**PETICIONARIO** | KLAN202400517 | *Apelación acogida como certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2020CV02955 (SALÓN 504)<br><br>Sobre: COBRO DE DINERO – ORDINARIO Y OTROS |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de octubre de 2024.

Comparece George Saber (en adelante, peticionario o señor Saber) ante este Tribunal de Apelaciones, mediante el presente recurso de apelación, el cual acogemos como *certiorari* por ser lo procedente en derecho y nos solicita la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de San Juan, el 16 de febrero de 2024, notificada el 20 de febrero de 2024. Mediante el aludido dictamen, el foro primario declaró *Ha Lugar* una *Demanda* de incumplimiento de contrato; enriquecimiento injusto y daños.

Los hechos que anteceden la determinación que revisamos hoy son los siguientes.

**I.**

El 28 de mayo de 2020, Robert M. Lavie (en adelante, recurrido o señor Lavie) presentó una *Demanda* por incumplimiento de contrato, enriquecimiento injusto y daños contra el peticionario

y Borz Azarian (en adelante, señor Azarian).[1] En síntesis, señaló que suscribió un contrato de arrendamiento con los señores Saber y Azarian, y éstos incumplieron con dicho contrato y se enriquecieron injustamente al no pagar los cánones establecidos. Por último, sostuvo que sufrió daños económicos al tener que incurrir con la totalidad del pago en los cánones de arrendamiento.

El 23 de julio de 2020, el señor Saber presentó su *Contestación a Demanda y Reconvención*. En esencia, alegó que acordó con el señor Lavie proveer a su negocio un servicio de creación de sistemas para un fondo de inversión y análisis interno. Por lo cual, mediante acuerdo, el recurrido pactó en incurrir en todos los gastos de vivienda o cánones de arrendamiento del peticionario.

Por su parte, el 3 de agosto de 2020, el señor Lavie presentó su *Contestación a la Reconvención*. Allí alegó que, al momento de firmar el contrato de arrendamiento, no existía otro acuerdo con el señor Saber y reiteró las alegaciones de la Demanda.[2]

Luego de varias incidencias procesales, se celebró el juicio en su fondo los días cinco (5) y seis (6) de septiembre de 2023. Durante la vista, las partes presentaron evidencia testimonial y documental. Concluido el juicio y luego de examinar la totalidad de la evidencia presentada y el expediente judicial, el foro de instancia determinó que, entre las partes existía un contrato de arrendamiento en el cual acordaron dividir el canon del inmueble equitativamente. El foro primario añadió que el peticionario en múltiples ocasiones reconoció la deuda e incumplió con su obligación contractual. Por último, destacó que los servicios de proveer información y estrategias para el recurrido en torno al mundo de las criptomonedas formaba parte del propio negocio del peticionario.

---

[1] Véase, págs. 1-16 del apéndice – Apelación.
[2] *Íd.*

En consecuencia, declaró *Ha Lugar* la *Demanda* presentada por el señor Lavie y ordenó al señor Saber a pagar la suma de $16,600.00 por incumplimiento contractual. Además, la cantidad de $3,000.00 por daños morales sufridos, más las costas y gastos legales del litigio. Sin embargo, el foro primario guardó silencio en cuanto a la *Reconvención* que presentó el señor Saber.[3]

Insatisfecho, el 5 de marzo de 2024, el peticionario incoó una *Moción de Reconsideración* alegando, entre varios asuntos, que la *Demanda* presentada por el señor Lavie estaba prescrita y no describía el daño causado. Por otra parte, explicó que firmó el contrato de arrendamiento por ser requisito de los dueños, sin embargo, nunca tuvo la intención de obligarse frente al recurrido. Añadió que el señor Lavie preparó un proyecto de sentencia para salir "por la puerta ancha" del caso y el foro primario acogió dicho documento sin considerar la prueba presentada ante el tribunal. Por último, sostuvo que presentó una *Reconvención* y el foro primario emitió *Sentencia* del caso sin expresarse en cuanto a la misma, en contravención a la Regla 43.2 de Procedimiento Civil, *supra.* Por lo cual, solicitó la revocación de la *Sentencia,* una revisión de *novo* de la prueba y la adjudicación de la *Reconvención.*[4] En respuesta, el 30 de abril de 2024, el foro primario declaró *No Ha Lugar* la *Moción de Reconsideración.*[5]

Aún inconforme, el peticionario instó el presente recurso en el que señaló la comisión de los siguientes errores:

> I. ERRÓ EL TPI AL ANALIZAR Y APRECIAR LA PRUEBA, ADJUDICAR CREDIBILIDAD Y DETERMINAR RESPONSABILIDAD SIN QUE EL DEMANDANTE APELADO PROBARA SU CASO CONFORME A DERECHO.
> A. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL CONCLUIR QUE EXISTIÓ UN CONTRATO DE ARRENDAMIENTO ENTRE LAVIE Y SABER.

---

[3] Véase, págs. 3-5 del apéndice – Sentencia.
[4] Véase, págs. 1-10 del apéndice – Moción de Reconsideración.
[5] Véase, pág. 1 del apéndice – Resolución de 30 de abril de 2024, notificada ese mismo día.

B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL CONCLUIR QUE LAVIE Y SABER SE OBLIGARON A PAGAR RENTA EN PARTES IGUALES.

C. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TPI AL CONCLUIR QUE LAVIE NO SE COMPROMETIÓ A CUBRIR EL PAGO DE SABER POR CONCEPTO DE RENTA Y UTILIDADES.

II. ERRÓ EL TPI AL ADJUDICAR LA CANTIDAD DE $16,000 POR EL INCUMPLIMIENTO CONTRACTUAL Y LA CANTIDAD DE $3,000 POR LOS DAÑOS MORALES SUFRIDOS POR LA PARTE DEMANDANTE.

III. ERRÓ EL TPI AL SUSCRIBIR COMO SENTENCIA EL PROYECTO PREPARADO Y PRESENTADO POR LA PARTE DEMANDANTE APELADA.

IV. ERRÓ EL TPI AL DESESTIMAR LA RECONVENCIÓN SIN JUSTIFICACIÓN ALGUNA Y SIN FUNDAMENTAR EN DERECHO TAL ACCIÓN.

El 3 de junio emitimos *Resolución* concediéndole un término de 30 días a la parte recurrida para que presentara su escrito en oposición.

**II.**

**A.**

La Regla 42.1 de las Reglas Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 42.1, y la jurisprudencia definen el término sentencia como cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa, o sea, que adjudique una reclamación entre las partes, y de la cual pueda apelarse. *Peerles Oil v. Hnos. Torres Pérez,* 186 DPR 239, 251 (2012). Una resolución, por su parte, resuelve algún incidente en el litigio sin adjudicar la controversia de manera definitiva. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 94 (2008). Sin embargo, en reiteradas ocasiones, el Tribunal Supremo ha resuelto que cuando el tribunal emite una resolución, pero ésta verdaderamente pone fin a una reclamación entre las partes, la referida resolución constituye una sentencia, final o parcial, de la cual puede interponerse un recurso de apelación. *Figueroa v. Del Rosario,* 147 DPR 121, 126-127 (1998). A estos efectos, "[n]o es el

nombre lo que determina si tal dictamen es una resolución o es una sentencia. Más bien, es el contenido de un escrito, el que determina su naturaleza". *García v. Padró*, 154 DPR 324, 333 (2005).

Por otra parte, la Regla 42.3 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 42.3, dispone que:

> "[C]uando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero, o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia.
>
> Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2."

Conforme a lo anterior, un tribunal posee —dentro de un pleito que incluye múltiples reclamaciones o varias partes— la facultad para emitir una sentencia final sin disponer de —o adjudicar— la totalidad del caso. Para ello, es menester que el tribunal expresamente: (1) concluya que no existe razón para postergar que se dicte sentencia sobre la reclamación o la parte, y (2) ordene expresamente el registro de la sentencia. *Rosario et al v. Hosp. Gen. Menonita, Inc.*, 155 DPR 49, 57 (2001).

Por el contrario, del tribunal no cumplir ambos requisitos, la sentencia dictada por no ser final no es apelable, sino que es una resolución que sólo puede ser revisada mediante un recurso de *certiorari. García v. Padró, supra,* pág. 334.

**B.**

El recurso de *certiorari* está regulado por nuestro ordenamiento procesal civil. En lo relacionado al referido recurso, es

sabido que se define como un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las decisiones de un tribunal inferior. 32 LPRA sec. 3491; *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *IG Builders et al v. BBVAPR*, 185 DPR 307, 337 (2012). En esencia, este mecanismo procesal permite al foro revisor corregir algún error cometido por el tribunal de menor jerarquía. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2016). El referido recurso es uno de carácter discrecional. Esta discreción, ha sido definida jurisprudencialmente "como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

Cabe señalar, que el auto de *certiorari* está delimitado por la Regla 40 de este Tribunal. Mediante la misma, se establecen una serie de criterios que ayudan a dirigir el juicio de este Foro en la decisión de expedir o denegar el auto solicitado. Dichos criterios reglamentarios son los siguientes:

> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.
>
> C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.

### III.

**Se expide el recurso a los fines de atender un aspecto procesal de la reclamación. Por tal razón, no discutiremos ningún asunto sustantivo del recurso**.

De una simple lectura de la *Sentencia* recurrida constatamos que el foro primario declaró *Ha Lugar* la *Demanda* presentada por el señor Lavie. Sin embargo, el foro recurrido omitió atender y resolver la reconvención incoada por el señor Saber. Ante ello, tal determinación no debió denominarse Sentencia, sino una Sentencia Parcial, pues el foro primario dispuso definitivamente de la causa de acción presentada por el recurrido, a pesar de que aún subsistía la causa de acción incoada por el peticionario mediante la reconvención.

Así las cosas, el TPI no incluyó en dicho dictamen el lenguaje requerido por la Regla 42.3 de Procedimiento Civil, *supra*, para darle carácter de finalidad al pleito. Por lo cual, la sentencia recurrida constituyó una resolución.

Como reseñamos, para que una sentencia parcial adquiera finalidad es indispensable incluir que no existe razón para postergar que se dicte sentencia sobre la reclamación y se ordene su registro, a tenor de la Regla 42.3 de Procedimiento Civil, *supra*. La omisión de algunos de estos dos requisitos tiene el efecto de negarle finalidad al dictamen recurrido, por lo que sólo subsiste el carácter interlocutorio.

En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para que dicho foro emita el correspondiente dictamen en cuanto a la reconvención incoada por el peticionario. Una vez ello

ocurra, se activarán los términos para instar remedios post sentencia correspondientes, incluyendo el derecho a recurrir en apelación ante este Tribunal de Apelaciones.

**IV.**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y revocamos el dictamen recurrido. Se devuelve el caso ante el Tribunal de Primera Instancia, Sala Superior de San Juan, para que adjudique la *Reconvención* en los méritos y una vez adquiera finalidad, podrá ser revisado el caso de autos por este foro revisor mediante recurso de apelación. Se ordena el desglose de la transcripción de la prueba oral.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones