Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| HACIENDA ILUSIÓN, LLC<br><br>Apelada<br><br>V.<br><br>*RAMÓN GONZÁLEZ SIMOUNET*<br><br>Apelante | KLAN202400907 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm. SJ2022CV06909<br><br>Sobre:<br>Cobro de Dinero por la Vía Sumaria (Regla 60 Proc. Civil) |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de noviembre de 2024.

El 9 de octubre de 2024, el Sr. Ramón González Simounet (señor González o peticionario) compareció ante nos mediante *Recurso de Apelación*[1] y solicitó la revisión de una *Sentencia* que se dictó y notificó el 9 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar la solicitud de sentencia sumaria que presentó Hacienda Ilusión, LLC (Hacienda o recurrida) y No Ha Lugar la solicitud de sentencia sumaria que presentó el señor González.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

### I.

El 3 de agosto de 2022, Hacienda presentó una *Demanda* sobre cobro de dinero por la vía sumaria en contra del señor

---

[1] Acogemos la apelación de epígrafe como un *certiorari*, por ser el recurso adecuado para la revisión de la determinación recurrida. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso.

González.[2] Alegó que el 26 de marzo de 2022, las partes suscribieron un contrato de arrendamiento sobre una propiedad ubicada en el área de Condado en San Juan. Expresó que el canon de arrendamiento pactado por las partes fue de siete mil quinientos ($7,500.00) dólares mensuales. Adujo que el aparamento iba a ser ocupado por el Sr. Manuel Molina (señor Molina) y que cuando llegó el día de la entrega del apartamento, este último lo encontró en pobres condiciones de entrega, con obras y múltiples arreglos aún pendientes de ejecutar y una estética por debajo del estándar de arrendamiento. Sostuvo que se realizaron gestiones para remediar la situación, pero que estas fueron infructuosas por lo que le hizo un requerimiento formal al señor González para el reembolso del pago que realizó para separar y garantizar la unidad.

Indicó que, en respuesta a ello, el peticionario indicó que retendría el dinero hasta encontrarse un nuevo arrendador. Ante ello, sostuvo que le remitió una última comunicación al peticionario en la cual le explicó los fundamentos de la rescisión del contrato y le concedió un término para que le reembolsara la cantidad correspondiente a un mes de arrendamiento por adelantado ($75,000.00) y otro por concepto de fianza ($7,500.00) para un total de quince mil ($15,000.00) dólares. Adujo que el peticionario le hizo caso omiso a la comunicación. Así pues, le solicitó al TPI a que declarara Ha Lugar la *Demanda* y le ordenara al señor González a satisfacerle la cantidad que, a su juicio, era liquida y exigible de quince mil ($15,000.00) dólares, así como una partida adicional por concepto de costas, gastos y honorarios de abogado.

Posteriormente, el 15 de febrero de 2023, el señor González presentó su alegación responsiva.[3] En esta, negó la mayoría de las alegaciones en su contra y se limitó a expresar que los arreglos que

---

[2] Véase, págs. 1-4 del apéndice del recurso.
[3] Íd., págs. 7-9.

se le estaban realizando a la propiedad eran mínimos y que se corrigieron oportunamente. Además, aceptó que existió una comunicación solicitando la rescisión del contrato.

Cabe precisar que, junto a su alegación responsiva el peticionario presentó una *Reconvención.*[4] En esta, sostuvo que Hacienda se había comprometido a pagar la suma de noventa mil ($90,000.00) dólares en cánones de arrendamiento bajo los términos del contrato. Afirmó que el contrato se mantuvo vigente por el término de un año y que nunca fue rescindido conforme a derecho. Añadió que el peticionario únicamente pagó dos (2) meses de renta y dejó de pagar la suma de $75,000.00 más $1,000.00 por pago tardío. Por esta razón, razonó que la recurrida adeudaba la suma de $90,000.00 la cual sostuvo que era líquida y exigible bajo los términos del contrato.

Posteriormente, el 12 de diciembre de 2023, el señor González presentó una *Moción de Sentencia Sumaria.*[5] En primer lugar, alegó que la entidad con la quien suscribió el contrato no era la misma que presentó la causa de acción del presente caso por lo que procedía la desestimación de este por falta de legitimación activa. Manifestó que, en la alternativa, de determinarse que la entidad que presentó la presente causa de acción era la misma que firmó el contrato, que como quiera procedía la desestimación de la Demanda. Puntualizó que, el señor Molina tuvo la oportunidad de examinar el inmueble antes de firmar el contrato y al firmarlo asumió libremente todas las obligaciones que emanaban de este incluyendo el pago de canon mensual de arrendamiento por el término de un año. Expresó que mediante el contrato se acordó que el mantenimiento y la conservación de la propiedad le correspondía al arrendatario por lo que no le estaba permitido rescindir el

---

[4] Íd., pág. 9.
[5] Íd., págs. 11-19.

contrato. Por último, puntualizó que, mediante el contrato, la recurrida relevó al peticionario de todo daño y reclamación en cuanto al acuerdo. En vista de lo antes expuesto, le solicitó al TPI a que desestimara la presente causa de acción con perjuicio y declarara Ha Lugar los remedios solicitados en la reconvención.

En respuesta, Hacienda presentó una *Solicitud de Sentencia Sumaria a favor del Demandante y Oposición a Solicitud de Sentencia Sumaria presentada por el Demandado.*[6] En primer lugar, en cuanto al argumento de legitimación activa del peticionario, puntualizó que el nombre de Hacienda Ilusión, Inc. fue un error clerical de la estricta autoría del peticionario en el contrato de arrendamiento. Aseguró que el nombre de la entidad era Hacienda Ilusión, LLC y que fue esta última la que compareció en el contrato de arrendamiento suscrito entre las partes. Luego, enumeró los hechos que, a su juicio, no estaban en controversia y replicó los propuestos por la parte peticionaria.

Particularmente, admitió que previo a firmar el contrato visitó la propiedad, pero que el contrato de arrendamiento fue suscrito tres semanas antes de la fecha de entrega de este por lo que le proveía tiempo suficiente al peticionario para poner la propiedad en condiciones aptas para comenzar el arrendamiento. Afirmó que era evidente que al momento de entrega de la propiedad esta adolecía de las condiciones y estado razonablemente adecuado para ocuparla. Finalmente, expresó que el contrato de arrendamiento no contenía cláusula alguna que avalara la retención de dinero entregado o una cláusula penal que exigiera el pago de todos los cánones de arrendamiento a pesar de que la propiedad no se ocupó. Por los motivos antes expuestos, razonó que procedía que el peticionario le reembolsara la cantidad correspondiente a un mes de

---

[6] Íd., págs. 31-39.

arrendamiento por adelantado ($75,000.00) y otro por concepto de fianza ($7,500.00) para un total de quince mil ($15,000.00) dólares.

El 1 de febrero de 2024, el señor González presentó su oposición a la solicitud de sentencia sumaria que presentó Hacienda.[7] Posteriormente, el 2 de febrero de 2024, Hacienda replicó a esta oposición.[8] Por su parte, el 4 de febrero de 2024, el peticionario presentó su réplica a la oposición de Hacienda de su solicitud de sentencia sumaria.[9] Finalmente, el 21 de febrero de 2024, Hacienda presentó una dúplica a la réplica antes expuesta.[10] Sometido el caso para su consideración y habiendo evaluado las posturas de ambas partes, el 10 de septiembre de 2024, el TPI emitió una *Sentencia.*[11] En esta, realizó determinaciones de hechos y conforme a estas y al derecho aplicable, declaró Ha Lugar la solicitud de sentencia sumaria que presentó Hacienda y No Ha Lugar la solicitud de sentencia sumaria que presentó el señor González. Sin embargo, en la parte dispositiva, nada dispuso en cuanto a la reconvención que presentó el señor González.

En desacuerdo con este dictamen, el 23 de septiembre de 2024, el señor González presentó una solicitud de reconsideración la cual fue declarada No Ha Lugar por el TPI mediante una *Orden* que se emitió el 24 de septiembre de 2024 y la cual se notificó el 25 de septiembre de 2024.[12] Aún inconforme, el 9 de octubre de 2024, el peticionario presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Primer Error: Existe una controversia material de hechos en el caso, de un hecho material, la condición del inmueble al momento de la entrega.**
>
> **Segundo: El Tribunal obvió que las partes acordaron que, de existir una deficiencia al momento de la**

---

[7] Íd., págs. 55-69.
[8] Íd., págs. 74-76.
[9] Íd., págs. 77-79.
[10] Íd., págs. 98-102.
[11] Íd., págs. 103-124.
[12] Íd., págs. 126-132.

**entrega, el arrendador tenía 30 días para corregirla y el demandante no respetó este término.**

**Tercero: La reclamación es improcedente por el relevo otorgado por la arrendataria a la arrendadora.**

Atendido el recurso, el 10 de octubre de 2024, emitimos una *Resolución* concediéndole a Hacienda hasta el 8 de noviembre de 2024 para presentar su alegato en oposición. Oportunamente, la recurrida presentó una *Oposición a Escrito de Apelación* y negó que el TPI cometiera los errores que el señor González le imputó. Además, afirmó que se debía decretar Sin Lugar la reconvención que instó el señor González. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nos.

II.

**-A-**

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, 211 DPR 821 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u

órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró,* supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago,* 176 DPR 559, 581 (2009).

**-B-**

La Regla 42.1 de las Reglas de Procedimiento Civil, 32 LPRA, Ap. V, R. 42.1, define la sentencia como cualquier determinación del TPI que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse. Particularmente, una sentencia final, es aquella que resuelve todas las controversias entre todas las partes de forma tal que no quede pendiente nada más que la ejecución de ésta. *Cruz Roche v. Colon y Otros,* 182 DPR 313, 323 (2011). Es sentencia firme, por el contrario, aquella contra la que no cabe un recurso de apelación. *Suarez v. E.L.A.,* 162 DPR 43, 62, (2004).

De otra parte, según la Regla 43.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3, una sentencia parcial es la determinación que hace el TPI cuando está ante un pleito que envuelve controversias o partes múltiples, resolviendo finalmente alguna de las reclamaciones, o todas en cuanto a una parte. De igual forma, la referida regla explica que será una sentencia parcial final aquella que al resolverse el juzgador le adscribe carácter de finalidad. Es decir, que cumple con dos requisitos, a saber: (1) que el juzgador exprese clara e inequívocamente que no existe razón para posponer la resolución de esta reclamación hasta la adjudicación total del pleito, y (2) que ordene expresamente que se registre y se notifique

esa sentencia. *Rosario y otros v. Hospital Gen. Menonita, Inc.,* 155 DPR 49, 57 (2001).

En específico, la Regla 42.3, *supra*, dispone que,

Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, siempre que concluya expresamente que no existe razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia. Cuando se haga la referida conclusión y orden expresa, la sentencia parcial dictada será final para todos los fines en cuanto a las reclamaciones o los derechos y las obligaciones en ella adjudicada, y una vez sea registrada y se archive en autos copia de su notificación, comenzarán a transcurrir en lo que a ella respecta los términos dispuestos en las Reglas 43.1, 47, 48 y 52.2 de este apéndice. 32 LPRA Ap.V. R. 42.3

El propósito de cumplir con los requisitos de la Regla 42.3 de Procedimiento Civil, *supra,* al disponer de una reclamación parcialmente*,* es que la parte perdidosa quede debidamente advertida de su derecho de apelar ante un foro de mayor jerarquía. *Figueroa v. Del Rosario*, 147 DPR 121, 127 (1998). Así también, como mencionamos anteriormente, al otorgar esta finalidad y una vez quede correctamente notificada y archivada, los términos para solicitar remedios post sentencia comenzarán a transcurrir. *Rosario y otros v. Hospital Gen. Menonita, Inc.,* supra, pág. 57.

Asimismo, es importante recordar que esta sentencia parcial, por tener finalidad, es una determinación susceptible de apelación. Entonces, las partes tienen derecho a la revisión de ese dictamen en este Tribunal de Apelaciones, mediante el vehículo de la apelación. 32 LPRA Ap. V, R. 52. Así lo establece el Art. 4.006(a) de la *Ley de la Judicatura, supra*, en el cual faculta al Tribunal de Apelaciones a conocer mediante apelación, "toda sentencia final dictada por el Tribunal de Primera Instancia". 4 LPRA sec. 24 (x)(a).

Dicho lo anterior, si una sentencia parcial adolece de la referida determinación de finalidad que requiere la Regla 42.3 de Procedimiento Civil, *supra*, no advendrá final y la misma no constituirá más que una resolución interlocutoria, que podrá revisarse sólo mediante recurso de *certiorari*, si así lo permite la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, o mediante recurso de apelación cuando recaiga sentencia final en el caso sobre el resto de las reclamaciones. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 95 (2008).

Por tanto, si la intención del TPI es disponer de la totalidad de las reclamaciones ante su consideración, así debe consignarlo expresamente en la parte dispositiva de su sentencia. Consecuentemente, el omitir la adjudicación de una reclamación en la parte dispositiva de una sentencia tiene el efecto de mantener tal reclamación "viva y pendiente de adjudicación". *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 658 (1987).

En modo de resumen, a la hora de determinar si estamos ante una sentencia revisable por medio de un recurso de apelación, o ante un dictamen interlocutorio revisable mediante el auto discrecional de *certiorari*, es crucial auscultar si la determinación a revisarse adjudica de forma *final* el asunto litigioso ante el foro de instancia en cuanto a una o más partes, o una o más causas de acción, o si sólo resuelve algún asunto interlocutorio sin disponer de la totalidad del caso. Como mencionamos, de tratarse de una resolución u orden interlocutoria emitida por el Tribunal de Primera Instancia, una parte interesada en solicitar revisión puede hacerlo mediante el auto discrecional del *certiorari*, sujeto a las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*.

III.

En el recurso ante nos, el señor González nos solicitó la revocación de una *Sentencia* que se emitió y notificó el 9 de septiembre de 2024. Sin embargo, al examinar el expediente ante nuestra consideración, notamos que el llamado dictamen, no resolvió todas las causas de acción que le fueron planteadas. Ello, toda vez que el TPI omitió expresar en la parte dispositiva una determinación en cuanto a la reconvención que presentó el señor González. Es decir, en la parte dispositiva de la *Sentencia* el TPI únicamente se limitó a declarar Ha Lugar la solicitud de sentencia sumaria que presentó Hacienda y No Ha Lugar la solicitud de sentencia sumaria que presentó el señor González.

Según mencionamos, el omitir una reclamación en la parte dispositiva de una sentencia tiene el efecto de mantener tal reclamación viva y pendiente de adjudicación. Por lo tanto, ante la ausencia de una determinación en cuanto a la reconvención que presentó el señor González, nos es forzoso concluir que el TPI dejó viva y pendiente de adjudicación de dicha reclamación. Al así proceder, el dictamen del TPI no constituye una sentencia de la cual pueda presentarse un recurso de apelación.

De igual forma, debemos aclarar que el dictamen no es una sentencia parcial, por no cumplir con los requisitos de la Regla 42.3 de las de Procedimiento Civil, *supra*. Así pues, debemos concluir que el dictamen impugnado es una resolución interlocutoria que no culmina el pleito en su totalidad, por lo cual acogemos el presente como un recurso discrecional de *certiorari*. Con ello en mente y dada la naturaleza de la actuación del TPI, resolvemos que, en este caso, no están presentes ninguno de los criterios de la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para atender el recurso. Aclaramos que con esta determinación no estamos adjudicando si procede o no

la reconvención. Por el contrario, lo más adecuado es que el TPI disponga de la totalidad de las reclamaciones de las partes de epígrafe, pues lo contrario constituiría un fraccionamiento indebido del caso.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de *certiorari*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones