| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL | | |
| FIRSTBANK PUERTO RICO<br><br>Demandante-Recurrido<br><br><br>v.<br><br><br>JOSEFINA ARCE QUIÑONES<br><br>Demandada-Peticionaria | KLAN202400926[1] | Apelación **acogida como *Certiorari*** procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso Núm.<br>G CD2013-0488<br><br>Sobre:<br>Cobro de Dinero |
| JOSEFINA ARCE QUIÑONES<br><br>Tercera Demandante-Peticionaria<br><br><br>v.<br><br><br>BRAZILIAN COUNTRY HOMES, INC.; EDUARDO G. BERMÚDEZ PARR, ANA I. MAYORAL WIRSHING, SOCIEDAD DE BIENES GANANCIALES O COMUNIDAD DE BIENES ENTRE ELLOS; EDUARDO ALEJANDRO BERMÚDEZ STUBBE, ZUTANA DE TAL Y LA SOCIEDAD DE BIENES GANANCIALES ENTRE ELLOS<br><br>Terceros Demandados-Recurridos | | |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de febrero de 2025.

Comparece la señora Josefina Arce Quiñones (señora Arce Quiñones o peticionaria) mediante recurso de *Apelación,* el cual

---

[1]El recurso de epígrafe fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, con efectividad del 10 de enero de 2022, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior.

acogemos como un *certiorari* por ser el mecanismo adecuado para la revisión del dictamen recurrido[2], y nos solicita que revoquemos la *Sentencia* que emitió el Tribunal de Primera Instancia, Sala Superior de Guayama (TPI o foro primario), el 9 de agosto de 2024[3]. Mediante el referido dictamen, el TPI desestimó sin perjuicio una *Quinta Demanda Enmendada Contra Terceros*[4] debido a deficiencias en el diligenciamiento del emplazamiento de dos menores de edad.

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

## I.

La reclamación judicial que nos ocupa fue precedida por la presentación de una *Querella* el 22 de junio de 2009, ante el Departamento de Asuntos del Consumidor (DACo). En esa ocasión, la parte peticionaria se querelló contra: 1) Vista Sur Plantation & Country Club, Inc., 2) Brazilian Country Homes, Inc., 3) Eduardo Bermúdez Parr, su esposa Ana Mayoral Wirshing y la sociedad legal de gananciales compuesta por ambos, 4) Eduardo Bermúdez Stubbe, su esposa y la sociedad legal de gananciales compuesta por ambos; 5) AIG Insurance Co.; y 6) National Insurance Co (todos en conjunto, partes querelladas)[5].

En la aludida *Querella*, la señora Arce Quiñones adujo que a mediados del 2006 otorgó un contrato de opción de compraventa con Vista Sur Plantation & Country Club, Inc. (Vista Sur), por conducto del señor Eduardo Bermúdez Parr (señor Bermúdez Parr), y que posteriormente, firmó un contrato de construcción con Brazilian Country Homes, Inc. (Brazilian), por conducto del señor Eduardo Bermúdez Stubbe. El fin de los referidos acuerdos era la compra de un terreno y la subsiguiente construcción de una casa

---

[2] Por motivos de economía procesal, conservamos la designación alfanumérica asignada por la Secretaría de este Tribunal.
[3] La *Sentencia* fue notificada y archivada en autos el 16 de agosto de 2024.
[4] Apéndice del Recurso de Apelación, págs. 726–731.
[5] Apéndice del Recurso de Apelación, págs. 1-28.

en el proyecto Vista Sur Plantation en Cayey, Puerto Rico. Dicha compra y construcción fue financiada por FirstBank de Puerto Rico (FirstBank) mediante un préstamo hipotecario de $498,445.00, de los cuales se desembolsaron $305,841.55.

La señora Arce Quiñones relató que, al transcurrir unos meses desde la otorgación del contrato, se le notificó que el modelo de casa escogido no podía ser construido en el terreno, por lo que ella accedió a la construcción de un modelo alterno. Pese a lo anterior, se le comunicó nuevamente que la construcción del nuevo modelo tampoco era viable, por lo cual eligió un nuevo terreno[6] donde finalmente se le dio comienzo a la construcción en enero de 2008. Aun así, la señora Arce Quiñones alegó que las partes querelladas incumplieron con el acuerdo, toda vez que abandonaron la construcción y hasta el momento en que se presentó la *Querella*, la obra seguía incompleta.

A pesar de que la señora Arce Quiñones no tenía posesión de su propiedad, comenzó a pagar las mensualidades vencidas del préstamo hipotecario. No obstante, tuvo que solicitarle a FirstBank varias extensiones para el cumplimiento de dichos pagos.

Mientras se tramitaba el procedimiento ante el DACo, el 3 de diciembre de 2013, FirstBank presentó una *Demanda*[7] sobre ejecución de hipoteca contra la señora Arce Quiñones. En esencia, adujo que el 24 de marzo de 2006, la parte peticionaria suscribió un pagaré hipotecario a favor de FirstBank por la suma de $498,445.00 más intereses al 7.5% anual y otros créditos accesorios[8]. Añadió que la señora Arce Quiñones incumplió con su obligación al suspender los pagos de las mensualidades vencidas a partir del 1 de abril de 2010. En consecuencia, la institución financiera alegó que la

---

[6] Mediando la debida modificación a la escritura de hipoteca.
[7] Apéndice del Recurso de Apelación, págs. 146-148.
[8] A pesar de ello, y debido a unos ajustes en los acuerdos de construcción, solo fue desembolsada la cantidad de $305,841,55.

peticionaria adeudaba la suma de $305.841.55 de principal junto con los correspondientes intereses, más la suma estipulada de $49.844.50 por concepto de gastos, costas y honorarios.

Posteriormente, la señora Arce Quiñones presentó una *Demanda de Tercero* el 8 de abril de 2014[9], contra: 1) Vista Sur Plantation, 2) Brazilian Country Homes, Inc., 3) el señor Eduardo Bermúdez Parr, como dueño y director de las antedichas corporaciones, 4) su esposa Ana Mayoral Wirshing y la sociedad legal de gananciales entre ambos; 5) el señor Eduardo Bermúdez Stubbe, su esposa y la sociedad legal de gananciales entre ambos; y finalmente, 6) sus compañías aseguradoras (todos en conjunto: terceros demandados). De la citada *Demanda de Tercero* es que nace la controversia que actualmente ocupa a este Tribunal.

En su demanda contra terceros, la señora Arce Quiñones levantó las mismas alegaciones presentadas en la *Querella,* a saber: que el solar objeto de la *Demanda* original de ejecución de hipoteca estuvo bajo el control de los terceros demandados, y que, a pesar de la existencia de un contrato entre las partes, la construcción de la vivienda fue abandona, privando a la peticionaria del uso y disfrute de su propiedad.

Reclamó la parte peticionaria que, de ella responder a FirstBank por los hechos alegados en la *Demanda,* los terceros demandados, en cambio, le responderán a ella por la totalidad de los dineros reclamados en la antedicha *Demanda,* así como por los daños sufridos por la parte peticionaria, resultado del incumplimiento contractual.

Luego de varios asuntos acontecidos, el DACo finalmente emitió el 25 de abril de 2016 una *Resolución Enmendada,* la cual fue confirmada por este Tribunal mediante *Sentencia* del 29 de

---

[9] Apéndice del Recurso de Apelación, págs. 145-149.

noviembre del 2016[10]. Entre otras cosas, el DACo: 1) desestimó la *Querella* en contra de Eduardo Bermúdez Stubbe y la Sociedad Legal de Gananciales compuesta por él y su esposa, por falta de jurisdicción sobre la persona ya que estos no fueron notificados de la querella enmendada; 2) desestimó la *Querella* en contra de Vista Sur Plantation & Country Club, Inc., ante ausencia de prueba que ameritara descorrer el velo corporativo; y 3) determinó que dentro del término de 20 días correspondía que Brazilian Country Homes, Inc. indemnizara a la señora Arce Quiñones por la suma de $498,445.00 más $5,000.00 en concepto de honorarios de abogado por la conducta impropia de desatender sus obligaciones principales contraídas en el contrato de construcción.

Retornando a los hechos del caso de epígrafe, el 27 de julio de 2017, la parte peticionaria presentó una moción de desistimiento contra Vista Sur de conformidad con la *Resolución* del DACo, junto con una solicitud de segunda enmienda a la *Demanda Contra Terceros* para incoar una acción derivativa, con el fin de descorrer el velo corporativo de Brazilian[11].

Luego de numerosos trámites procesales, el 25 de febrero de 2019, el TPI emitió una *Sentencia*[12]. En esta, declaró *Con Lugar* la *Demanda* presentada por FirstBank, sin objeción de la señora Arce Quiñones. En consecuencia, le ordenó a la parte peticionaria pagar la suma de $305,841.55 por concepto de principal, más los intereses, costas y honorarios pactados.

A su vez, declaró *No Ha Lugar* la solicitud de segunda enmienda a la *Demanda Contra Terceros*. El foro primario resaltó la inexistencia de un entronque común entre la demanda original y la demanda contra terceros, ya que FirstBank reclama su derecho al

---

[10] Identificada con el alfanumérico KLRA201600637.
[11] Apéndice del Recurso de Apelación, págs. 157-163.
[12] Apéndice del Recurso de Apelación, págs. 220-231.

cobro de un préstamo, mientras que la parte peticionaria reclama un crédito, resultado de una *Resolución* del DACo.

Este Tribunal de Apelaciones, en la *Sentencia* del 20 de junio de 2019[13], confirmó en parte y revocó en parte la susodicha *Sentencia* emitida por el TPI. En aquella ocasión, un panel hermano confirmó: 1) las determinaciones que declararon con lugar la *Demanda* de FirstBank, y 2) la desestimación con perjuicio de la demanda contra tercero contra Vista Sur tras el desistimiento de la parte peticionaria. No obstante, y contrario a la estimación del TPI, se dispuso que incoar un proceso independiente para que la señora Arce Quiñones hiciera valer sus derechos contra los terceros demandados resultaría extremadamente oneroso. En consecuencia, se restituyó la demanda contra tercero que entabló la peticionaria.

Continuado el pleito y encontrándose este en etapa de descubrimiento de prueba, el 24 de marzo de 2021, la señora Ana Mayoral Wirshing solicitó al TPI que tomase conocimiento del fallecimiento de su esposo, y tercero demandado, Eduardo Bermúdez Parr[14].

En respuesta, el TPI emitió una *Resolución y Orden* el 7 de diciembre de 2021, en la cual sustituyó al fenecido Eduardo Bermúdez Parr por los miembros de su sucesión, a saber: Ángel Bermúdez Cambó, Felipe Bermúdez, Guillermo Bermúdez Cambó y Sofía Bermúdez Stubbe. Hacemos constatar que, aunque Eduardo Bermúdez Stubbe obraba en el pleito como tercero demandado, no figuró como parte sustituida ante el repudio de la herencia de su padre[15].

---

[13] Sentencia del 20 de junio de 2019, identificada con el alfanumérico KLAN201900551.
[14] *Moción al Amparo de la Regla 22 y Solicitud de Término Adicional para Oponerse a Sentencia Sumaria.* Véase Apéndice del Recurso de Apelación, págs. 886-888.
[15] Apéndice del Recurso de la Apelación, págs. 573-575.

Ante dichos pronunciamientos, el 30 de diciembre de 2021[16], la señora Arce Quiñones presentó una *Tercera Demanda Enmendada Contra Terceros (Para Incluir Sucesión Eduardo Bermúdez Parr)*. Posterior a la presentación de la referida enmienda a la demanda contra tercero, la hija del fenecido, Sofía Bermúdez Stubbe, repudió la herencia de su padre el 29 de junio de 2022[17], al igual que otro de sus hijos, Guillermo Bermúdez Cambó, repudió el 17 de agosto de 2022[18]. Por otro lado, Ángel Bermúdez Cambó cedió sus derechos hereditarios a la tercera codemandada Ana Mayoral Wirshing el 19 de julio de 2023[19].

El 13 de septiembre de 2023, la señora Arce Quiñones presentó una *Cuarta Demanda Enmendada Contra Terceros*[20] para hacer lo propio e incluir a los nietos del fenecido, tras la repudiación de la herencia por parte de sus hijos. Se incluyeron a los hijos de Sofía Bermúdez Stubbe, entiéndase Laura B., Jose A., Sofía I., todos de apellidos Cabello Bermúdez, así como a las hijas de Eduardo A. Bermúdez Stubbe, Valentina y Alana Bermúdez Fernández. Cabe mencionar que, de los nietos mencionados, solo José A. y Sofía I. Cabello Bermúdez eran mayores de edad al momento de la presentación de la enmienda.

El 6 de marzo de 2024, se presentó una *Quinta Demanda Enmendada Contra Terceros*, con el propósito de incluir los nombres de los hijos de Guillermo Bermúdez Cambó, a saber: Mariana y Guillermo Bermúdez Schell (hermanos Bermúdez Schell)[21].

Mientras la referida enmienda estaba ante la consideración del foro primario, el 27 de marzo de 2024, la señora Arce Quiñones

---

[16] Véase Apéndice del Recurso de Apelación, págs. 576-580.
[17] Apéndice del Recurso de la Apelación, págs. 611-616.
[18] Apéndice del Recurso de la Apelación, págs. 624-629 (Anterior a ello se le había anotado la rebeldía mediante *Resolución* del 5 de agosto de 2022 a los sustituidos Ángel Bermúdez, Felipe Bermúdez y Guillermo Bermúdez Cambó).
[19] Apéndice del Recurso de Apelación, págs. 676-682.
[20] Apéndice del Recurso de Apelación, págs. 688-693.
[21] Apéndice del Recurso de Apelación, págs. 726-732.

instó un pleito paralelo mediante la presentación de una nueva *Demanda* identificada con el alfanumérico GM2024CV00241. Allí, la peticionaria nombró como parte demandada (recurrida) a la sucesión del señor Eduardo Bermúdez Parr, que incluía en ese momento a su hijo Felipe Bermúdez y sus nietos: Laura B. Cabello Bermúdez, José A. Cabello Bermúdez, Sofía I. Cabello Bermúdez, Valentina Bermúdez Fernández, Alana Bermúdez Fernández, Guillermo Eduardo Bermúdez Schell y Mariana del Carmen Bermúdez Schell. Asimismo, demandó a la señora Mayoral Wirshing, Eduardo A. Bermúdez Stubbe y Brazilian.

En la nueva *Demanda* se alegó que los demandados, como incorporadores, oficiales, accionistas y directivos de Brazilian, le son responsables a la peticionaria por la cantidad dictada en la *Resolución* emitida por el DACo el 25 de abril de 2016.

A raíz del nuevo pleito, el 1 de abril de 2024 se presentó una *Moción Solicitando Consolidación*[22] con el fin de consolidar el caso GCD2013-0488 con el GM2024CV00241 pues, según la peticionaria, en ambos se plantean reclamos bajo la Ley de Corporaciones[23]. La consolidación, estimaba la peticionaria, se da con el fin de que los demandados en ambos pleitos respondan por la *Resolución* emitida por el DACo contra la extinta empresa Brazilian por el desfalco de esta por parte de sus accionistas y directivos. A pesar de ello, y luego de varias reiteraciones, la solicitud de consolidación nunca fue atendida.

Ya expedidos y diligenciados los correspondientes emplazamientos en el caso de epígrafe, el 2 de abril de 2024, Sofía Bermúdez Stubbe, en representación de su hija menor de edad Laura B. Cabello Bermúdez, presentó una *Moción Solicitando*

---

[22] Apéndice del Recurso de Apelación, págs. 755-760.
[23] 14 LPRA sec. 3501 *et seq.*

*Desestimación*[24]. En ella, arguyó que su hija no fue emplazada personalmente conforme a derecho según dispone la Regla 4.4 (b) de Procedimiento Civil[25], pues solamente se le emplazó a ella, su madre, cuando correspondía igualmente emplazar a la menor de edad. Lo anterior, pese a que el 28 de octubre de 2022 se le comunicó al abogado de la peticionaria que la menor ya tenía 14 años. Añadió que, ya transcurrido el término improrrogable de 120 días para emplazar, lo correspondiente era desestimar la causa de acción en su contra.

El 3 de julio de 2024, se celebró una Vista Argumentativa del caso de epígrafe a la cual comparecieron las representaciones legales de la señora Arce Quiñones, de Laura B. Cabello Bermúdez y del tercero demandado Eduardo Bermúdez Stubbe, al igual que de sus hijas Valentina y Alana Bermúdez Fernández. Asimismo, compareció la señora Ana Mayoral Wirshing por derecho propio.

En la *Minuta*[26] de la vista se hizo constar que la señora Arce Quiñones presentó dos acuerdos transaccionales, uno entre la peticionaria, Eduardo Bermúdez Stubbe y sus hijas; y otro entre la peticionaria y Laura B. Cabello Bermúdez. Sin embargo, dichas estipulaciones se presentaron en el caso (GM2024CV00241) de SUMAC. En vista de que los casos no fueron consolidados, la peticionaria acordó presentar las estipulaciones en el caso de epígrafe, tras así ser ordenado por el Tribunal. A su vez, se le informó al Tribunal que a raíz del repudio de Sofía Bermúdez Stubbe, sus hijos mayores de edad, entiéndase, José y Sofía Cabello Bermúdez, continúan en el nuevo pleito radicado a través de SUMAC.

Por otra parte, la representación legal de la peticionaria expresó en corte abierta que los hermanos Bermúdez Schell, quienes

---

[24] Dicha moción no surge del expediente, razón por la cual solicitamos una copia al foro recurrido mediante *Resolución* del 4 de diciembre de 2024.
[25] 32 LPRA Ap. V, R. 4.4.
[26] Apéndice del Recurso de Apelación, pág. 801.

no comparecieron a la Vista puesto que no se había resuelto su *Moción de Desestimación*, habían repudiado la herencia de su abuelo. Aunque dicho acto no surge del expediente, el abogado de la señora Arce Quiñones informó al Tribunal que ante este hecho se allanó a la solicitud de desestimación y mencionó que procedía enmendar la nueva *Demanda* presentada en SUMAC para expedir los emplazamientos de los referidos hermanos.

Se aclaró, además, que Valentina y Alana Bermúdez Fernández repudian la herencia de su abuelo, más su representante legal indicó que una de ellas advino en la mayoría de edad, aunque falló en especificar cual. La *Minuta* culmina indicando que la señora Mayoral Wirshing informó al TPI que los dos hijos de Felipe Bermúdez no han sido emplazados, no obstante, el Tribunal manifestó que dicho emplazamiento no era necesario. Finalmente, se dejó pautado un próximo señalamiento de vista para el 17 de septiembre de 2024.

El 5 de abril de 2024, los hermanos y terceros demandados Guillermo y Mariana Bermúdez Schell, hijos de Guillermo Bermúdez Cambó, presentaron una *Moción de los Hermanos Bermúdez Schell de Anulación de Emplazamiento y de Desestimación*[27]. En esta arguyeron, sin someterse a la jurisdicción del Tribunal, que similar a la demandada Laura B. Cabello Bermúdez, no fueron emplazados personalmente conforme a derecho, ya que a pesar de tener 18 y 16 años respectivamente, la parte peticionaria solo emplazó a su padre, en contravención a las disposiciones de la Regla 4.4 (b) de Procedimiento Civil[28].

El 11 de julio de 2024, la señora Arce Quiñones presentó una *Moción Informativa sobre Acuerdos Transaccionales con Eduardo Alejandro Bermúdez Stubbe y sus Hijas Valentina Bermúdez*

---

[27] Apéndice del Recurso de Apelación, págs. 747-754.
[28] 32 LPRA Ap. V, R. 4.4.

*Fernández y Alana Bermúdez Fernández; y con Laura B. Cabello Bermúdez.*

Junto con la moción, anejaron dos estipulaciones; la primera de ellas siendo entre la señora Arce Quiñones y Eduardo Bermúdez Stubbe por sí y en representación de sus hijas[29]. En esta, acordaron que la peticionaria releva y desiste con perjuicio de la demanda instada contra Eduardo A. Bermúdez Stubbe, y contra sus hijas, Valentina y Alana Bermúdez Fernández, *así como cualquier reclamación relacionada a los hechos del pleito de epígrafe*. A su vez, mediante la estipulación, las menores Valentina y Alana Bermúdez Fernández repudiaron la herencia de su abuelo, quedando la aprobación de esta ante la consideración del TPI.

La estipulación contiene una cláusula, en la cual la peticionaria "releva irrevocable e incondicionalmente a Eduardo Bermúdez Stubbe, Alana Bermúdez y Valentina Bermúdez de toda y cualquier reclamación, de cualquier naturaleza, conocida o desconocida que tenga o pueda tener y que pueda surgir con relación a los hechos *que motivaron las alegaciones de las demandas aquí mencionadas* y la querella de DACO"[30].

La segunda estipulación fue entre la señora Arce Quiñones y Laura B. Cabello Bermúdez[31], representada por su madre, mediante la cual le informaron al TPI que esta última renunciaba a su *Moción Solicitando Desestimación* presentada el 2 de abril de 2024 y se sometía a la jurisdicción del tribunal con el único fin de repudiar la herencia de su abuelo, el señor Bermúdez Parr. En su escrito, las partes reconocieron que, por Laura B. Cabello Bermúdez ser menor

---

[29] Apéndice del Recurso de Apelación, págs. 809–812.
[30] Apéndice del Recurso de Apelación, pág. 811.
[31] Apéndice del Recurso de Apelación, págs. 815-819 ("Los comparecientes hemos llegado a un acuerdo transaccional que pone fin a todas las reclamaciones que tengan, puedan tener o hayan tenido expresa o implícitamente entre sí relacionadas con los hechos alegados en los pleitos de epígrafe").

de edad, quedaría a discreción del tribunal la celebración de una vista de autorización judicial para que la repudiación tuviese efecto.

Además, surge de la estipulación el siguiente lenguaje: "Las comparecientes hemos llegado a un acuerdo transaccional que pone fin a todas las reclamaciones que tengan, puedan tener o hayan tenido, expresa o implícitamente entre sí *relacionadas con los hechos alegados en los pleitos de epígrafe*"[32]. Esta última frase se debe a que la moción informativa cuya estipulación se incluyó como anejo fue sometida en el caso nuevo de SUMAC identificado en el epígrafe junto con el caso de marras, dado que se presentó bajo la creencia de que ambos pleitos estaban consolidados.

Posteriormente, y en respuesta a la *Moción de los Hermanos Bermúdez Schell de Anulación de Emplazamiento y de Desestimación*, la señora Arce Quiñones presentó una *Moción sobre Desistimiento sin Perjuicio* el 15 de julio de 2024[33]. Solicitó que se diera por no puesta la moción de los hermanos Bermúdez Schell del 5 de abril de 2024 sobre desestimación por alegada insuficiencia en el emplazamiento, debido a que dicha moción no estaba firmada por su representación legal como requieren los casos no radicados en el Sistema Unificado de Manejo y Administración de Casos (SUMAC). Añadió que, "tomando en cuenta lo que allí señalan, la compareciente desiste sin perjuicio de la demanda contra ambos"[34].

El 9 de agosto de 2024, el TPI emitió la determinación de la cual se recurre y en ella dispuso de tres mociones que se encontraban ante su consideración[35]. Por una parte, el TPI se reservó el fallo sobre los asuntos concernientes a la menor Laura B. Cabello Bermúdez hasta luego de celebrar una Vista de Autorización Judicial para constatar si los derechos de la menor estaban

---

[32] Apéndice del Recurso de Apelación, pág. 816.
[33] Apéndice del Recurso de Apelación, págs. 820-824.
[34] Apéndice del Recurso de Apelación, pág. 822.
[35] Apéndice del Recurso de Apelación, págs. 828-839.

salvaguardados. El foro primario finalizó su dictamen concluyendo que lo procedente era desestimar sin perjuicio la causa de acción ante las fallas en el diligenciamiento de los emplazamientos de los hermanos Bermúdez Schell, por entender que se le haría un flaco servicio a la justicia si se atiende el caso sin dos partes indispensables.

En desacuerdo con el dictamen del TPI, la peticionaria presentó una *Moción Urgente en Solicitud de Reconsideración de Sentencia y otros Extremos* el 26 de agosto de 2024[36]. Adujo la parte peticionaria que era improcedente presentar un nuevo recurso, toda vez que este Tribunal de Apelaciones había determinado en la Sentencia del 20 de junio de 2019, que entablar un pleito distinto al incoado por FirstBank derrotaba los fines de la justicia por ser contrario al principio cardenal de facilitar una solución justa, rápida y económica. Añadió, que la *Sentencia* recurrida era una parcial debido a que el TPI dejó en suspenso los asuntos relacionados a la menor Laura B. Cabello Bermúdez.

Mediante *Resolución* emitida el 13 de septiembre de 2024, el TPI declaró *No Ha Lugar* la reconsideración. Fundamentó su dictamen en el caso recién atendido *Ross Valedón v. Hospital Dr. Susoni Health Community*[37]*,* donde nuestro Tribunal Supremo resolvió que "desistir de un pleito sin la autorización del tribunal no está disponible cuando tal petitorio se realiza luego de haber incumplido con la Regla 4.3 (c) de Procedimiento Civil"[38].

**El TPI, mediante *Resolución* del 13 de septiembre de 2024, dispuso que la *Sentencia* era una de carácter final, ya que al desestimarse la causa de acción en su totalidad por la ausencia de los hermanos Bermudez Schell en el pleito, era**

---

[36] Apéndice del Recurso de Apelación, págs. 842-858.
[37] 2024 TSPR 10, pág. 12, 213 DPR ___ (2024) (énfasis eliminado).
[38] Apéndice del Recurso de Apelación, pág. 866.

**innecesario atender el asunto irresuelto referente a la menor Laura B. Cabello Bermúdez. Por tanto, dejó sin efecto el señalamiento programado para el 17 de septiembre de 2024.**

Aun insatisfecha, el 16 de octubre de 2024, la parte peticionaria acudió ante nosotros mediante el recurso de epígrafe en el que señaló los siguientes dos errores:

> ERRÓ EL TPI AL DESESTIMAR SIN PERJUICIO MEDIANTE SENTENCIA PARCIAL LA QUINTA DEMANDA CONTRA TERCEROS CUANTO [SIC] EXISTEN TRÁMITES INCONCLUSOS Y OTRAS PARTES EN EL PLEITO QUE PODRÁN QUEDAR A LA ESPERA DE UNA SEXTA DEMANDA ENMENDADA; Y

> ERRÓ EL TPI AL NO DAR PASO A LA SEXTA DEMANDA ENMENDADA PARA INCLUIR A LOS DEMANDADOS QUE FUERON INCLUIDOS EN LA QUINTA DEMANDA Y CUYOS EMPLAZAMIENTOS VENCIERON, DANDO AL TRASTE CON EL TRAMMITE DE UN CASO QUE LLEVA DESDE 2023.

El 2 de diciembre de 2024, los hermanos Bermúdez Schell presentaron su *Alegato de la Parte Tercera Demandada-Recurrida*. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil[39] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[40]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error

---

[39] 32 LPRA Ap. V, R. 52.1.
[40] 4 LPRA Ap. XXII-B, R.40.

manifiesto[41]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[42].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[43]. No obstante, la Regla 52.1, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión[44].
> [...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones[45], para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de certiorari, este Tribunal debe tomar en consideración los siguientes criterios:

---

[41] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[42] *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).
[43] *García v. Padró,* 165 DPR 324, 334-335 (2005); *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 180 (1992).
[44] 32 L.P.R.A. Ap. V, R. 52.1.
[45] 4 LPRA Ap. XXII-B, R. 40.

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**-B-**

La Regla 42.1 de las Reglas de Procedimiento Civil[46], define lo que constituye una sentencia y dispone lo siguiente:

El término **"sentencia"** incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa de la cual pueda apelarse. El término **"resolución"** incluye cualquier dictamen que pone fin a un incidente dentro del proceso judicial. (Énfasis nuestro).

A su vez, la Regla 42.2 de Procedimiento Civil[47], preceptúa que:

En todos los pleitos el tribunal especificará los hechos probados y consignará separadamente sus conclusiones de derecho y ordenará que se registre la sentencia que corresponda. Al conceder o denegar *injunctions* interlocutorios, el tribunal, de igual modo, consignará las determinaciones de hechos y conclusiones de derecho que constituyan los fundamentos de su resolución. Las determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de las personas testigos. Las determinaciones de hechos de un comisionado o comisionada, en tanto y en cuanto el tribunal las adopte, serán consideradas como determinaciones de hechos del tribunal.

De otra parte, según la Regla 42.3 de Procedimiento Civil[48], una sentencia parcial es la determinación que hace el TPI cuando

---

[46] 32 LPRA Ap. V, R. 42.1.
[47] 32 LPRA Ap. V, R. 42.2.
[48] 32 LPRA Ap. V, R. 42.3.

está ante un pleito que envuelve controversias o partes múltiples, resolviendo finalmente alguna de las reclamaciones, o todas en cuanto a una parte. **De igual forma, la referida regla explica que será una sentencia parcial final aquella que al resolverse el juzgador le adscribe carácter de finalidad. Es decir, que cumple con dos requisitos, a saber: (1) que el juzgador exprese clara e inequívocamente que no existe razón para posponer la resolución de esta reclamación hasta la adjudicación total del pleito, y (2) que ordene expresamente que se registre y se notifique esa sentencia**[49]. (Énfasis nuestro).

El propósito de cumplir con los requisitos de la Regla 42.3 de Procedimiento Civil, *supra,* al disponer de una reclamación parcialmente*,* es que la parte perdidosa quede debidamente advertida de su derecho de apelar ante un foro de mayor jerarquía[50]. Así también, como mencionamos anteriormente, al otorgar esta finalidad y una vez quede correctamente notificada y archivada, los términos para solicitar remedios post sentencia comenzarán a transcurrir[51].

Asimismo, es importante recordar que esta sentencia parcial, por tener finalidad, es una determinación susceptible de apelación Entonces, las partes tienen derecho a la revisión de ese dictamen en este Tribunal de Apelaciones, mediante el vehículo de la apelación[52]. Así lo establece el Art. 4.006(a) de la Ley de la Judicatura, *supra*, en el cual faculta al Tribunal de Apelaciones a conocer mediante apelación, "toda sentencia final dictada por el Tribunal de Primera Instancia"[53].

Dicho lo anterior, si una sentencia parcial adolece de la referida determinación de finalidad que requiere la Regla 42.3 de

---

[49] *Rosario y otros v. Hospital Gen. Menonita, Inc.,* 155 DPR 49, 57 (2001).
[50] *Figueroa v. Del Rosario,* 147 DPR 121, 127 (1998).
[51] *Rosario y otros v. Hospital Gen. Menonita, Inc., supra,* pág. 57.
[52] 32 LPRA Ap. V, R. 52.
[53] 4 LPRA sec. 24 (x)(a).

Procedimiento Civil, *supra,* no advendrá final y la misma no constituirá más que una resolución interlocutoria, que podrá revisarse sólo mediante recurso de *certiorari,* si así lo permite la Regla 52.1 de Procedimiento Civil[54], o mediante recurso de apelación cuando recaiga sentencia final en el caso sobre el resto de las reclamaciones[55].

Por tanto, si la intención del TPI es disponer de la totalidad de las reclamaciones ante su consideración, así debe consignarlo expresamente en la parte dispositiva de su sentencia. Consecuentemente, el omitir la adjudicación de una reclamación en la parte dispositiva de una sentencia tiene el efecto de mantener tal reclamación "viva y pendiente de adjudicación"[56].

### III.

La señora Arce Quiñones alega dos errores. En síntesis, argumenta que la *Sentencia* de la cual se recurre es una parcial, ya que esta no dispone del repudio de la herencia del señor Bermúdez Parr por su nieta Laura B. Cabello Bermúdez, por tanto, estima improcedente la desestimación del pleito en su totalidad.

Además, como segundo error arguye que, según la *Sentencia* del 20 de junio de 2019, emitida por este Tribunal de Apelaciones[57], es improcedente la determinación del TPI de desestimar el caso para que posteriormente se inste otra reclamación, puesto que allí determinamos que la reclamación contra los terceros demandados se debía tramitar dentro del pleito de cobro de dinero instado por FirstBank. Resaltó la parte que, comenzar la reclamación desde cero iría en contra de la economía procesal y derrotaría los fines de la justicia, lo que precisamente quiso evitar este Tribunal cuando ordenó la continuación de los procedimientos.

---

[54] 32 LPRA Ap. V, R. 52.1.
[55] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 95 (2008).
[56] *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 658 (1987).
[57] KLAN201900551.

Al examinar el expediente ante nuestra consideración, notamos que la llamada apelación impugna un dictamen que no resolvió todos los asuntos que le fueron planteados. Según mencionamos, el omitir una reclamación en la parte dispositiva de una sentencia tiene el efecto de mantener tal reclamación viva y pendiente de adjudicación. Por lo tanto, ante la ausencia de una manifestación en la parte dispositiva sobre los asuntos concernientes al repudio de la herencia por parte de la menor Laura B. Cabello Bermúdez, y la celebración de una Vista de Autorización Judicial para constatar si los derechos de la menor estaban salvaguardados, nos es forzoso concluir que el TPI dejó viva y pendiente de adjudicación dicha reclamación. Al así proceder, el dictamen del TPI no constituye una sentencia final de la cual pueda presentarse un recurso de apelación.

De igual forma, debemos aclarar que el dictamen no es una sentencia parcial, por no cumplir con los requisitos de la Regla 42.3 de las de Procedimiento Civil, *supra.* Nuestro Tribunal Supremo determinó en *Freire Ruiz de Val v Morales Román,* 2024 TSPR 129 214 DPR __.

> [...] el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito, **siempre que concluya expresamente que no existe razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia**.

Por lo cual, no surge de su dictamen que el TPI tuviera la intención de resolver finalmente una reclamación y continuar con las reclamaciones restantes. Por lo anterior, debemos concluir que el dictamen impugnado es una resolución interlocutoria que no culmina el pleito en su totalidad, por lo cual, acogemos el presente como un recurso discrecional de *certiorari.* A la luz de lo esbozado,

resolvemos que, en este caso, no están presente ninguno de los criterios de la Regla 52.1 de Procedimiento Civil, *supra,* y de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* para atender el recurso.

Por el contrario, lo más adecuado es que el TPI disponga de la totalidad de las reclamaciones de las partes de epígrafe, pues lo contrario constituiría un fraccionamiento indebido del caso.

**IV.**

Por los fundamentos antes expuestos, ***denegamos*** expedir el recurso de *certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones